IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BEAVERTOWN BLOCK CO., INC.,

       Plaintiff,

v.                                                                                                     Civil Action: 5:10-CV-9

OHIO COUNTY DEVELOPMENT
AUTHORITY,
       Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

I. Introduction

**A.**    **Background**

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction By Virtue of Diversity Citizenship - Insufficient Amount in Controversy filed April 27, 2010.[1] The Court held an evidentiary hearing and argument on August 30, 2010 on Defendant's Motion.[2] Plaintiff, Beavertown Block Co. ("BBC"), appeared by Keith R. Huntzinger, in person. Defendant, Ohio County Development Authority ("OCDA"), appeared by Donald J. Tennant, Jr., in person. The testimony of Mr. Gregory Stewart, Ohio County Development Authority Secretary and Treasurer, was taken. No other testimony was taken nor was any other evidence adduced.

---

[1] Dkt. No. 16.

[2] Dkt. No. 28.

**B.     The Motion**

Defendant's Motion to Dismiss for Lack of Diversity Jurisdiction.[3]

**C.     Decision**

Plaintiff failed to allege an amount sufficient to reach the jurisdictional requirement of $75,000.00, exclusive of interest and costs. Therefore, Defendant's Motion to Dismiss for Lack of Diversity of Citizenship Jurisdiction under 28 U.S.C. § 1332(a) is **GRANTED**.

## II. Facts

1. On April 27, 2010, Defendant filed a Motion to Dismiss for Lack of Jurisdiction by Virtue of Diversity Jurisdiction - Insufficient Amount in Controversy.[4]

2. On May 11, 2010, Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss.[5]

3. This Court issued an Order on August 25, 2010 setting an evidentiary hearing and argument on Defendants' Motion to Dismiss.[6]

4. On August 30, 2010, the evidentiary hearing and argument was held.[7]

## III. Discussion

**A.     Contentions of the Parties**

Defendant alleges Plaintiff's complaint should be dismissed for lack of diversity

---

[3] Dkt. No. 16.

[4] Dkt. No. 16.

[5] Dkt. No. 18.

[6] Dkt. No. 25.

[7] Dkt. No. 28.

jurisdiction because the complaint, itself, establishes the amount in controversy to be $71,716.67. See Defs.' Mot. to Dismiss, Pg. 1, paragraph 1. (Dkt. 16). Defendant contends Plaintiff's attempt to aggregate the amount of the unpaid invoices with interest accrued prior to filing suit to achieve federal court jurisdiction under 28 U.S.C. §1332(a) is unsupported by case law and cannot stand. Plaintiff argues that its Complaint alleges an amount in controversy sufficient to meet the jurisdictional amount required by the statute. Plaintiff argues its claim for interest and attorney's fees should be included in calculating the jurisdictional amount. It asserts that the Court must determine the character and nature of the interest before merely dismissing a complaint because an amount is labeled as such.

**B.     Discussion**

United States district courts shall have original jurisdiction of all civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs...." 28 U.S.C. §1332(a). The seminal case in the area of the amount in controversy requirement is St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 58 S. Ct. 586 (1938) wherein the Supreme Court stated:

> "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."

Id. at 288-89.

Thus, while the amount claimed by the plaintiff is prima facie sufficient to sustain the complaint, an allegation as to the amount in controversy required for diversity jurisdiction may be attacked. Albani v. D & R Truck Service, Inc., 248 F.Supp. 268 (D. Ct. 1965). See also McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S. Ct. 780 (1936).

3

**1. Aggregation of Unpaid Invoices & Interest to Meet Jurisdictional Amount**

In calculating the jurisdictional amount, the court may consider the "entire record before it and make an independent evaluation" of whether the amount in controversy is satisfied. White v. J.C. Penney Life Ins. Co., 861 F. Supp. 25, 27 (S.D. W.Va. 1994). The plain language of the statute requires the Court to exclude "interest" from the jurisdictional calculation. 28 U.S.C. §1332(a). To determine whether a claim is fairly characterized as interest, the Court must start with the Supreme Court's recognition of interest as an "accessory" to the principal amount. See Edwards v. Bates County, 163 U.S. 269, 16 S. Ct. 967 (1896). An amount which is a mere incident or accessory to the principal will be excluded from the jurisdictional amount. Continental Casualty Co. V. Spradlin, 170 F. 322, 323 (4th Cir. 1909). See also Brown v. Webster, 156 U.S. 328, 330, 15 S. Ct. 377 (1895) (finding sum of principal demand determines jurisdictional question while accessory/interest demand excluded for jurisdictional purposes). "It makes no difference whether the interest which is sought accumulated upon the principal obligation sued upon because of contract, or by common law, or by statute, or whether the interest be termed a penalty or damages, so long as it is an incident arising solely by virtue of a delay in payment." Regan v. Marshall, 309 F.2d 677, 678 (1st Cir. 1962). See also Brainin v. Melikian, 396 F.2d 153, 154-55 (3d Cir. 1968) (finding interest imposed as penalty for delay in payment not included for jurisdictional purposes).

Defendant notes that Plaintiff's Complaint, in paragraph 8, alleges the amount of invoices that remain unpaid at $71,716.67. Plaintiff separately alleges, in paragraph 10 of its Complaint, the amount of interest still owed by Defendant at $18,988.98. Defendant argues the separate interest amount was not an "integral" part of the contract price for the material provided, but was

4

incidental to the main obligation charged as a "penalty" for late payment. Defendant argues Plaintiff's "own pleading confirms that the unpaid invoices amount to a sum less than $75,000.00" and requests this Court to dismiss Plaintiff's Complaint for lack of diversity jurisdiction. Plaintiff urges this Court to consider the substance of the alleged "interest" and not just its label. Plaintiff argues the accrued interest is best viewed as a separate and distinct obligation.

Considering the entire record, this Court finds the interest, as characterized in Plaintiff's Complaint, paragraph 10, to be interest which must be excluded from the jurisdictional amount. The BBC invoices that comprise the contracts between the parties detail the material provided by BBC to OCDA. The material provided was various sizes and types of block to be used to complete Defendant's construction project. At the bottom, left-hand corner, each invoice states "18% [sic] Annum added after 30 days." The "18% [sic] Annum" provision, by its very words, is a penalty or punishment for failure to pay timely the amount owed in the invoices. As Plaintiff's counsel conceded in argument, had the invoices been paid within thirty (30) days, Plaintiff would not have been entitled to any further payment. See Evidentiary Hr'g Tr., Pg. 16-17. (Dkt 28). Therefore, this Court finds the interest must be excluded from the amount in controversy determination as merely a sum due for delay in payment.

**2. Inclusion of Attorney's Fees in Amount in Controversy**

The United States Supreme Court has defined the term "costs" in 28 U.S.C. § 1332(a) to mean "amounts taxable as such under Acts of Congress, rules promulgated by its authority and practice established consistently with governing enactments." Kansas City S.R. Co. v. Guardian Trust Co., 281 U.S. 1, 9, 50 S. Ct. 194 (1930). Attorney's fees may be included in calculating

5

the jurisdictional amount where either a statute or contractual clause creates a substantive right to the fees. See Springstead v. Crawfordsville State Bank, 231 U.S. 541, 542, 34 S. Ct. 195 (1913); Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 201-02, 54 S. Ct. 133 (1933). This is the rule in the Fourth Circuit. See Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983) (recognizing attorney fees as part of jurisdictional amount where statutes or contractual provisions transform fees into substantive rights entitling litigants).

Plaintiff argues the "costs" in its Complaint include attorney's fees generated by Plaintiff's Counsel's efforts to collect the unpaid invoices amounts. Plaintiff asserts that the invoices evidence a contract between the parties and therefore, any fees resulting from collection efforts should be included in the jurisdictional amount.

This argument must fail. The BBC invoices, which "evidence a contract between Plaintiff and Defendant," do not speak of attorney's fees. Although Plaintiff argues the attorney's fees have been referenced in the contract, Plaintiff's counsel advised the Court during argument that no contract provision calling for the payment of attorney's fees existed. See Evidentiary Hr'g Tr., Pg. 16. (Dkt 28). There is no clause transforming the requested attorney's fees from mere expenses associated with collecting the amount past due into a substantive right to which the Plaintiff is entitled. Similarly, Plaintiff is not entitled to attorney's fees through any statutorily-created right. Therefore, Plaintiff's attorney's fees must also be excluded from the jurisdictional amount calculation.

IV. Decision

Plaintiff failed to allege an amount sufficient to reach the jurisdictional requirement of $75,000.00, exclusive of interest and costs. Therefore, Defendant's Motion to Dismiss for Lack

of Diversity of Citizenship Jurisdiction under 28 U.S.C. § 1332(a) is **GRANTED**.

Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

**IT IS SO ORDERED.**
DATED: September 8, 2010                           /s/ *James E. Seibert*
                                                                            JAMES E. SEIBERT
                                                                            UNITED STATES MAGISTRATE JUDGE